UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LAURA RIESS,**

    Plaintiff,       Case No.

**v.**

                Hon.

**SMALL BUSINESS HEALTH**
**INSURANCE, LLC., and QUINCY C. McALPINE**

    Defendants.

---

**GOLD STAR LAW, P.C.**
**Caitlin E. Malhiot (P76606)**
**Maia Johnson Braun (P40533)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*cmalhiot@goldstarlaw.com*
*mjohnson@goldstarlaw.com*

---

## COMPLAINT

Plaintiff, Laura Riess, through her attorneys, Gold Star Law, P.C., for her complaint states:

### PARTIES, JURISDICTION and VENUE

1. Plaintiff Laura Riess is an individual who resides in Hamtramck, Wayne County, Michigan.

2. Defendant Small Business Health Insurance, LLC ("Small Business Health") is a Michigan Domestic Limited Liability Company with its place of business in Fraser, Macomb County, Michigan.

3. Defendant Quincy C. McAlpine ("McAlpine") is an individual regularly conducting business in Fraser, Macomb County, Michigan.

4. This action arises under the Fair Labor Standards Act of 1938 ("FSLA") 29 U.S.C. 201, et seq., and the Michigan Workforce Opportunity Wage Act of 2014 ("WOWA") and jurisdiction of this Court in invoked pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367(b).

5. Defendants reside within this judicial district and the claims asserted in the actions arose within the district. Venue is proper in this Court pursuant to 28 U.S.C. 1391 (b).

## FACTUAL ALLEGATIONS

6. Defendant Small Business Health owns and operates a business providing health insurance options to a variety of other businesses.

7. Defendant McAlpine is the resident agent for Small Business Health. Upon information and belief, McAlpine is involved in managing Small Business Health's business operations and setting its compensation policies.

8. Plaintiff began working for Defendants as a Customer Service Representative in October 2014 and was promoted to Head Verification Specialist in approximately December 2015.  Plaintiff is still employed.

9. Defendants pay Plaintiff on a salary basis, most recently at a rate of $590.00 per week.  Her schedule is for 47 hours per week.

10. If Plaintiff works less than her regularly scheduled 47 hours per week, her pay is reduced at an hourly rate (ie:  If she worked 44 hours, 3 hours would be deducted).  The rate at which pay is deducted is $14.75 per hour, which is $590.00 divided by 40, not by her regular schedule of 47 hours.

11. In addition to working her regularly scheduled shifts, each year from approximately November 1 through December 15 Plaintiff would work an additional approximately 22 hours per week without any additional compensation.

12. Defendants are aware that Plaintiff has worked these uncompensated hours.

13. Defendants are required to compensate Plaintiff at 1 ½ her regular rate of pay for hours worked in excess of 40 hours per week.

14. Defendants did not compensate Plaintiff at 1 ½ times her rate of pay for hours worked in excess of 40 hours per week. Defendants did not compensate Plaintiff at all for any hours worked in excess of 40 hours per week.

15. Plaintiff is not and was not, at any time during her employment, exempt from the overtime pay requirements of the FLSA or WOWA.

16. All hours worked by the Plaintiff, including overtime hours, are worked at the direction and with sufferance of Defendants.

17. Defendants' failure to pay overtime is in violation of the FLSA and WOWA was willful, with knowledge, or with reckless disregard for the statutory overtime requirements.

## COUNT I – VIOLATION OF THE
## FAIR LABOR STANDARDS ACT OF 1938

18. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

19. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. 203 (d).

20. Plaintiff is an "employee" within the coverage of the FLSA. 29 U.S.C. 203(e).

21. Plaintiff is an "employee" engaged in "commerce" as defined by the FLSA. 29 U.S.C. 203 (b).

22. Defendants are an "enterprise engaged in commerce" as defined by the FLSA. 29 U.S.C. 203 (s).

23. Defendants have revenue in excess of $500,000 per year during the time of the Plaintiff's employment with Defendant. 29 U.S.C. 203(s).

24. Pursuant to Section 207 of the FLSA, Defendants were and are required to pay Plaintiff at least 1 ½ times her regular rate of pay for hours worked in excess of 40 per week.

25. Defendants violated Section 207 of the FLSA by failing to pay Plaintiff 1 ½ half times her regular rate of pay for hours worked in excess of 40 per week.

26. Pursuant to Section 207 of the FLSA, Defendants are liable to Plaintiff for unpaid overtime compensation, plus an additional equal amount as liquidated damages, together with her cost and reasonable attorney fees incurred herein, and such other relief as this Court deems just and equitable.

## COUNT II – VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT.

27. Plaintiff incorporates the allegations in the foregoing paragraphs of this Complaint as if fully stated herein.

28. Plaintiff is an "employee" within the coverage of WOWA.

29. Defendants are "employers" within the coverage of WOWA.

30. Pursuant to the WOWA, Defendants are required to pay Plaintiff at a rate of 1 ½ times her regular rate of pay for all hours worked in excess of 40 hours per week.

31. Defendants failed to pay Plaintiff at least 1 ½ times her regular rate of pay for all hours worked in excess of 40 hours per week, in violation of Section 4a of the WOWA.

32. Pursuant to Section 9 of the WOWA, an employer who violates the WOWA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgement against Defendants, jointly and severally, in an amount to be determined at trial, together with her cost and reasonable attorney fees incurred herein, and order Defendants to comply with the FLSA and WOWA and compensate Plaintiff at a rate of at least one and one-half times her regular rate of pay for all hours worked in excess of forty per week, and grant such other relief as this Court deems just and equitable.

                                      Respectfully submitted,

                                      **GOLD STAR LAW, P.C.**

                                      /s/ *Caitlin E. Malhiot*

                                      **Caitlin E. Malhiot (P76606)**
                                      **Maia Johnson Braun (P40533)**
                                      Attorneys for Plaintiffs
                                      2701 Troy Center Dr., Ste. 400
                                      Troy, Michigan 48084
                                      (248) 275-5200
                                      *cmalhiot@goldstarlaw.com*
                                      *mjohnson@goldstarlaw.com*

Dated:  March 15, 2019